## Martínez v. The Registrar of Property.

Appeal from a decision of the Registrar of Property of Aguadilla.

No. 31.—Decided October 28, 1909.

Dissolution of Partnership—Method of Proving Same.—The appellant asked for the admission to record in his own name and in his private capacity of a house which was acquired and recorded in the name of the firm of Martínez & Co., composed solely of appellant as the managing partner of a limited partnership. It was proved by the will executed by the special partner, in the year 1887, that he solemnly declared that at the time of making said will he had no share in the firm, he having previously retired from the same and withdrew the money which he had contributed to the capital, and that the managing partner, the appellant herein, was the owner of all the capital of said firm, and therefore of the house in question. The registrar refused to record the document on the ground that it was not shown that the limited partnership had been dissolved, and that the said house would belong to the managing partner after the debts contracted by the firm had been satisfied. The court held that as the Code of Commerce recognizes several modes of effecting the dissolution of partnerships, the registrar had before him all the documents necessary to show the dissolution of the partnership, and especially as said documents showed that the managing partner was the owner of all the property of the firm, and the interests of no one would suffer by the admission of the deed to record.

Liability of Managing Partner.—All the property of the managing partner is liable for the debts of the partnership, and the mere fact that a house is recorded in his own name would not prejudice the rights of the creditors of the firm.

The facts are stated in the opinion.

*Mr. Franco Soto* for appellant.

Mr. Justice MacLeary delivered the opinion of the court.

This case presents an administrative appeal against the resolution of the Registrar of Property of Aguadilla, refusing to inscribe certain documents presented to him for registration by Ramón Martínez Sapia, who claims to be an interested party. With the documents, the petitioner presented an application for registration, which for better understanding, will be copied at length and reads as follows:

"To the Registrar of Property of Aguadilla. Ramón Martínez Sapia, of age, a resident of this city, appears and states: That in this city there existed a commercial partnership under the style of Martínez & Co., the only partners composing same being Don Alfredo Martínez Laroche and Don Ricardo Méndez Martínez, the former acting as managing partner and the latter as special partner, as it appears from the articles of association of said partnership, a copy of which is enclosed herein, executed under No. 112, in this city, before the notary, Don Juan Arroyo y Budia, on the first day of July, eighteen hundred and eighty-two. Doña Josefa Antonia Martínez y Granamán, by deed of sale No. 23 executed before the same notary, Mr. Arroyo, on the eleventh day of February, eighteen hundred and eighty-six, sold with a provision in the deed for reconveyance, to the said commercial partnership the house described in deed No. 23 of the eleventh of February of eighteen hundred and eighty-six and which was entered in the registry of property on folio 231 of volume fourth of the municipal district of Aguadilla, property No. 289, first entry; said sale becoming final by the marginal note written on said entry on the eleventh of February of eighteen hundred and eighty-nine. In his last will and testament, a copy of which is herein attached, executed by Don Ricardo Méndez Martínez before the notary, Don Juan Arroyo y Budia, under No. 73, on the third day of June of eighteen hundred and eighty-seven, the said Don Ricardo declared 'that although he had been special partner of the firm of Martínez & Co., managed by the partner Don Alfredo Martínez, the testator had no share whatever in said firm, as it appeared from the balance carried out on the thirty-first day of June of eighteen hundred and eighty-three.' Likewise Don Alfredo Martínez Laroche, in his last will and testament executed under No. 25 of the seventh day of March of eighteen hundred and eighty-eight before the notary, Mr. Arroyo, declares 'that although his firm carried on business under the style of Martínez & Co., of which Don Ricardo Méndez had been a partner, the latter had ceased being a partner of the firm since the date stated in the books and as

stated in the last will and testament of the aforementioned Don Ricardo Méndez.' All of the foregoing appears from the deed of sale, with a provision for reconveyance, and from the last wills and testaments of Don Ricardo Méndez Martínez and Don Alfredo Martínez Laroche, copies of which are connected herewith. It follows therefore that the commercial partnership Martínez & Co. was dissolved *de facto* by the statement contained in the last will and testament of Don Ricardo and confirmed by Don Alfredo in his; and as the former acknowledges by said statement that he had no share whatever in said partnership, all the capital stock belongs to Don Alfredo, and it is the proper thing to record the property in favor of the latter, and this I request as the present owner of the aforesaid house in order to be able to record the same in my favor. For the effects of the schedule of fees of the registries of property I appraise said property at five hundred dollars, which is the price I have now paid for it. I also present herewith the death certificates of Don Alfredo Martínez Laroche and Don Ricardo Méndez Martínez. Aguadilla, 16th of June, 1909. (Signed) Ramón Martínez Sapia.''

The Registrar of Property, in considering the application heretofore quoted and the documents presented, on the 21st of June last, made the following ruling:

''I refuse to record the property referred to in the preceding application in favor of the managing partner Don Alfredo Martínez Laroche by virtue of the documents accompanying the same, as said property is recorded in favor of Martínez & Co., a special partnership, and because it has not been shown that said partnership has been dissolved and that said property was allotted to said partner after covering the liabilities contracted by said partnership according to the provisions of the Code of Commerce now in force and to the provisions set up in the articles of association of said partnership; and I have instead made the cautionary notice provided by law for the term of 120 days, on folio 232 of volume four of the municipal district of this town, property No. 289, annotation A. Aguadilla, 21st of June, 1909.''

From this ruling the applicant Ramón Martínez Sapia took an appeal to this court in accordance with the provisions of the statutes of this Island. We find the following documents attached to the application filed by the appellant: First,

A deed of sale, with a provision of reconveyance, executed before a notary, Don Juan Arroyo y Budia, by Doña Josefa A. Martínez y Granamán in favor of Martínez & Co. on February 11, 1886; Second, Articles of association of special partnership executed before the same notary by Don Alfredo Martínez Laroche and Don Ricardo Méndez Martínez on July 1, 1882; Third, The last will and testament of Don Ricardo Méndez Martínez executed before the aforesaid notary on June 3, 1887; Fourth, The last will and testament of Don Alfredo Martínez Laroche executed before the same notary on March 7, 1888; and Fifth, Death certificates of both of the said parties Don Ricardo Méndez Martínez and Don Alfredo Martínez Laroche, members of the special partnership heretofore mentioned.

It appears from the record that the registrar of Aguadilla had these documents all before him at the time he made the ruling in regard to their inscription in his registry, refusing to make the registration requested. It seems that the registrar conceded that the deed of sale executed by Doña Josefa A. Martínez y Granamán in favor of Martínez & Co. had been duly registered in favor of said firm, and the reason given by him for his refusal to record the documents in favor of the surviving partner Alfredo Martínez Laroche, who was during the existence of the partnership the managing partner of the firm, is that it did not appear from the record that the said partnership had been dissolved and that said property had been allotted to said Martínez Laroche after discharging the liabilities contracted by said company according to the provisions of the Code of Commerce. The record plainly shows that the articles of association by which the two partners constituted the firm of Martínez & Co. were duly executed by them and that they were the only members of the said firm, one of them being Alfredo Martínez Laroche as managing partner and the other Ricardo Méndez Martínez as special partner with limited liability. It also appears from the last

will and testament of the special partner Ricardo Méndez Martínez, dated June 3, 1887, that he solemnly declared that at the time of making said will he had no share in the firm of Martínez & Co. having retired from the same previously and withdrawn the money which he had contributed to the capital, and that the managing partner, Alfredo Martínez Laroche, was the owner of all the capital possessed by the firm of Martínez & Co., including, by implication, the tract of land, consisting of a lot and house, mentioned in the deed heretofore referred to and for the registration of which application had been made by the appellant. It seems that the registrar took the view that the only way of proving the dissolution of the partnership of Martínez & Co. would be by means of a deed in which both parties should appear and declare the partnership dissolved.

With this view we cannot concur, because the Code of Commerce provides several methods by which a partnership may be dissolved, among the rest those set out in sections 221 and 222 of this Code of Commerce. The registrar also appears to require that it should be shown that the liabilities of the firm of Martínez & Co. should be discharged or provided for in some way, seeming to forget that the liability, the two partners being the only members of the firm of Martínez & Co., is not equal under the Code of Commerce, and that Alfredo Martínez Laroche, as managing partner, had a personal and joint liability which extended to all his private property besides that involved in the partnership, and that the liability of the special partner, Ricardo Méndez Martínez, was limited to the capital brought into the partnership.

When this is taken into consideration, it is clearly to be inferred that the registration of the property involved in this appeal, in favor of the managing partner, Alfredo Martínez Laroche, in his capacity as a private individual, aside from his being a member of the firm, does not interfere with his liability to discharge the debts of the firm nor believe the

property sought to be registered from the debts which the firm might owe. (See secs. 127, 147 and 148 of the Code of Commerce.)

Inasmuch, then, as the partnership of Martínez & Co. has been actually dissolved for many years and both partners have acknowledged the same to be the fact, and as this appears from the record, and inasmuch as the property, sought to be inscribed, is equally liable to the debts of the partnership, in the hands of the managing partner or in those of the firm as it previously existed, and further, inasmuch as no one can be prejudiced by such action, the application made by Ramón Martínez Sapia should have been granted and the documents covering the property referred to should have been duly inscribed.

For that reason, the ruling made by the Registrar of Property of Aguadilla should be annulled and an inscription of the documents, presented for registration as hereinbefore enumerated, ordered to be made in accordance with this opinion.

*Reversed.*

Chief Justice Hernández and Justices Figueras, Wolf and del Toro concurred.